Filed 1/31/14  P. v. Willard CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LONDON WILLARD,<br><br>        Defendant and Appellant. | A137561<br><br>(Alameda County<br>Super. Ct. No. H51760) |

Defendant London Willard was convicted by a jury of grand theft.  His sole claim on appeal is that his restitution fine should be reduced from $720 to $600.  We affirm.

### PROCEDURAL BACKGROUND

Because the only issue raised on appeal concerns the calculation of the restitution fine, it is unnecessary to summarize the facts supporting Willard's conviction.

Willard was charged with first degree robbery (Pen. Code, § 211)[1] in an information filed on March 12, 2012.  As set forth in the information, Willard committed the robbery in August 2011.  Following a jury trial, Willard was convicted of the lesser included offense of grand theft (§ 487, subd. (c)).  The trial court sentenced Willard to serve three years in state prison, composed of the middle term of two years for grand theft plus a consecutive one-year term for having served a prior prison term within the meaning of section 667.5, subdivision (b).

---

[1]All further statutory references are to the Penal Code.

The trial court ordered Willard to pay a restitution fine of $720 pursuant to section 1202.4. The court also ordered Willard to pay a parole revocation fine of $720 pursuant to section 1202.45, which was suspended pending successful completion of parole. Willard filed a timely notice of appeal following sentencing.

**DISCUSSION**

Willard's sole claim of error on appeal is that the trial court erred in imposing a restitution fine of $720. He claims the fine should be reduced to $600, which represents the applicable minimum fine of $200 multiplied by three—the number of years of imprisonment he was ordered to serve. According to Willard, the trial court mistakenly calculated his restitution fine based upon a minimum fine of $240, even though the increased minimum fine did not go into effect until after the date he committed the crime of which he was convicted.

At the time of Willard's offense in August 2011, section 1202.4, subdivision (b)(1) provided in relevant part as follows: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less that two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (Former § 1202.4, subd. (b)(1), as amended by Stats. 2009, ch. 454, § 1.) At the time of Willard's offense, subdivision (b)(2) of section 1202.4 provided the following, optional formula for calculating the restitution fine: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Former § 1202.4, subd. (b)(2), as amended by Stats. 2009, ch. 454, § 1.) Thus, subdivision (b)(1) of section 1202.4 sets the minimum and maximum restitution fine, while subdivision (b)(2) of that same section establishes a formula the court may choose to use in setting the restitution fine.

At the time Willard was sentenced in 2012, section 1202.4, subdivision (b)(1) provided that the applicable minimum restitution fine was $240. (Former section 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1.) As set forth in subdivision (b)(2)

2

of section 1202.4, the court could still choose to calculate the restitution fine as the product of the minimum fine established in subdivision (b)(1) "multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Former section 1202.4, subd. (b)(2), as amended by Stats. 2011, ch. 358, § 1.)

The crux of Willard's claim is that, in order to avoid an ex post facto violation, the court was bound to use the restitution formula in effect at the time he committed the crime, not the formula in effect when he was sentenced. (See *People v. Souza* (2012) 54 Cal.4th 90, 143 [restitution fine constitutes punishment and is subject to the proscription of the ex post facto clause].) Willard contends the record clearly indicates it was the court's intention to apply the formula set forth in subdivision (b)(2) of section 1202.4.

As an initial matter, Willard forfeited the claim by failing to object at the time of sentencing. In order to preserve a challenge to the setting of a restitution fine, "a defendant must make a timely objection in the trial court in order to give that court an opportunity to correct the error; failure to object should preclude reversal of the order on appeal." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468; see also *People v. White* (1997) 55 Cal.App.4th 914, 917.)

Willard contends that because his claim rests on a constitutional violation, it is not forfeited on appeal as a result of the failure to object in the trial court. Even assuming the issue was not forfeited on appeal, there was no ex post facto violation. The restitution fine of $720 was well within the court's discretion to impose under the law as it existed at the time Willard committed his offense. (See former § 1202.4, subd. (b)(1), as amended by Stats. 2009, ch. 454, § 1 [giving court discretion to set restitution fine between $200 and $10,000].) The restitution fine was not unauthorized and its imposition did not violate any constitutional principle. (Cf. *People Valenzuela* (2009) 172 Cal.App.4th 1246, 1248 [unauthorized restitution fine constituted ex post facto violation].)

Willard's claim on appeal appears to be based on a misapprehension that the court expressly intended to use the formula set forth in subdivision (b)(2) of section 1202.4. Indeed, Willard argues that the probation report, upon which the court relied,

recommended that a "restitution fine of $720 be imposed pursuant to Penal Code section 1202.4(b)(2)." As Willard acknowledges in his reply brief on appeal, the probation report made no mention of subdivision *(b)(2)* of section 1202.4. Rather, the report referred to subdivision *(b)(1)* of section 1202.4, which simply sets forth the range within which the restitution fine may be set. Nowhere in the probation report or in the court's pronouncement of sentence is there a reference to subdivision (b)(2) of section 1202.4 or the formula contained in that subdivision.

Willard contends it "beggars belief" to suggest the court "pulled the strange number of $720 out of thin air." According to Willard, the only explanation must be that the court employed the formula contained in subdivision (b)(2) of section 1202.4— multiplying $240 by three, representing the number of years of imprisonment to which he was sentenced. While the selection of $720 as the restitution fine certainly supports that inference, we are mindful that " '[a] judgment or order of the lower court is *presumed correct.* All intendments are presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *People v. Alvarez* (1996) 49 Cal.App.4th 679, 694.) "The general rule is that a trial court is presumed to have been aware of and followed the applicable law." (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.)

In this case, the record is silent as to why the trial court chose to impose a restitution fine of $720. In the absence of an affirmative expression that the probation officer or court intended to apply the formula set forth in subdivision (b)(2) of section 1202.4, we cannot simply assume the court (1) intended to apply the statutory formula, and (2) erred in its application of the formula. If we were to indulge these assumptions, we would effectively turn on its head the general rules that a judgment is presumed correct and that a trial court is presumed to have known and followed the law.

Willard's reliance on *People v. Le* (2006) 136 Cal.App.4th 925 is misplaced. In *Le,* the record showed that the trial court relied on the formula provided by section

4

1202.4, subdivision (b)(2).  (*Le, supra,* at p. 935.)  Indeed, the trial court there specifically stated at the time of sentencing that the fine was imposed " 'under the *formula* permitted by [section] 1202.4.' "  (*Le, supra,* at p. 932, italics added.)  Here, by contrast, there was no showing that the trial court or the probation officer expressed an intention to rely on the formula contained in section 1202.4, subdivision (b)(2).

Finally, Willard contends his counsel was ineffective for failing to object to the restitution fine at the time of sentencing.  We disagree.  In order to establish a claim of ineffective assistance of counsel, a defendant bears the burden of demonstrating both that counsel's performance fell below an objective standard of reasonableness (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688) and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Id.* at p. 694; *People v. Ledesma* (2006) 39 Cal.4th 641, 746.)

Even assuming counsel was deficient for failing to object, Willard cannot demonstrate prejudice.  His claim of prejudice is premised upon the assumption the court intended to apply the formula in section 1202.4, subdivision (b)(2) and would have continued to apply that formula, albeit correctly, in response to an objection by defense counsel.  However, the court never expressed an intention to apply the statutory formula and gave no indication it was willing to reduce the fine below the amount proposed by the probation officer.  Moreover, it is far from clear that the court would have lowered the restitution fine if challenged.  The court had the power to set a restitution fine as low as $200 under former section 1202.4, subdivision (b)(1) but instead chose to follow the probation officer's recommendation of $720.  The probation officer's report reflects that the theft supporting Willard's conviction was captured by a surveillance camera and was an "unprovoked and random [act] toward an unsuspecting victim he cornered" on a bus.  The probation officer stated that Willard had an extensive criminal history and was facing charges for murder and robbery at the time he committed the offense resulting in his conviction.  Under the circumstances, there was no guarantee the court would have agreed to reduce the already modest restitution fine in response to an objection by defense counsel.

5

Because the defendant bears the burden of demonstrating ineffective assistance of counsel, and because the record is silent as to why the court chose to impose the challenged restitution fine, we do not find it reasonably probable that the court would have lowered the restitution fine if defense counsel had interposed an objection.

**DISPOSITION**

The judgment is affirmed.


_____
McGuiness, P.J.


We concur:


_____
Siggins, J.


_____
Jenkins, J.