[No. H028821. Sixth Dist. Feb. 10, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
TUYEN THANH LE, Defendant and Appellant.

**COUNSEL**

William M. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Eric D. Share, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BAMATTRE-MANOUKIAN, J.—

## I.  INTRODUCTION

Defendant Tuyen Thanh Le pleaded no contest to two felony counts: second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and second degree burglary (§§ 459, 460, subd. (b)). Defendant also admitted the allegation that he had three prior serious or violent felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) and one prior serious felony conviction (§§ 667, subd. (a), 1192.7). The trial court dismissed two of the prior strike convictions in the interests of justice under section 1385, and sentenced defendant to a total term of 12 years four months, which included a consecutive sentence of one year four months on the conviction of second degree burglary. The trial court also imposed a restitution fine in the amount of $4,800 (§ 1202.4) and a $4,800 parole revocation fine, suspended (§ 1202.45).

On appeal, defendant Le contends that the consecutive sentence of one year four months on the conviction of second degree burglary violates the section 654 prohibition against multiple punishments. Defendant also contends that he was denied his right to effective assistance of counsel when trial counsel failed to object to the excessive restitution and parole revocation fines. The People concede that the sentence violates section 654, but dispute the contention that trial counsel was ineffective.

For reasons that we will explain, we agree that trial counsel was ineffective with respect to the imposition of the excessive restitution and parole revocation fines and find appropriate the People's concession that the consecutive sentence of one year four months on the conviction of second degree burglary violates section 654. Accordingly, we will order that the abstract of judgment be modified to stay the sentence on count two and to reduce the restitution and parole revocation fines to $2,200 each. As so modified, we will affirm the judgment.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Factual Background*

Our summary of the facts is taken from the transcript of the preliminary hearing and the probation report because this appeal arises from a no contest plea.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant Le was involved in two incidents of theft with codefendants Manh Pham (M. Pham), Tri Pham (T. Pham), and Thien Tran (Tran) on January 10, 2004. The first incident occurred at a Safeway store in Mountain View. Codefendants M. Pham and T. Pham entered the store and placed numerous bottles of whiskey and packages of diapers in a shopping cart. They left without paying and hurried to a white SUV, where codefendant Tran helped load the stolen merchandise into the vehicle. The driver of the SUV was defendant Le.

Le and his codefendants fled the scene in the SUV when they realized that Safeway personnel were pursuing them. A witness who had observed the Safeway incident followed the SUV as it traveled to a Long's drugstore in Mountain View. Upon arrival, codefendants M. Pham and T. Pham left the SUV and entered the store. Defendant Le and codefendant Tran remained in the parked SUV with the engine running. Inside the store, M. Pham and T. Pham again loaded a shopping cart with bottles of whiskey and packages of diapers. They left the store without paying and took the shopping cart to the SUV, where they loaded the stolen merchandise into the vehicle with the assistance of codefendant Tran. Defendant Le remained in the driver's seat.

From her vantage point overlooking the sales floor, the manager of the Long's drugstore saw M. Pham and T. Pham take a full shopping cart from the store. She announced a security code for shoplifters over the store's paging system and then ran to the exit doors. Two department managers responded to the security page and preceded the store manager to the parking area in front of the store, where they approached the SUV. One of the department managers reached into the SUV and grabbed the car keys in order to detain the SUV, while the other department manager stood nearby and noted the vehicle's license plate number.

After a struggle with defendant Le over the car keys, the department manager dropped the keys on the floor of the SUV and Le was able to regain possession. M. Pham and T. Pham then jumped into the SUV's passenger seats. All three Long's managers heard T. Pham exclaiming, "Where is my gun, where is my gun?" after he got in the SUV. Defendant Le then pulled the SUV forward while the department manager's upper body was still in the vehicle. The department manager was dragged a short distance, but he managed to extricate himself without injury.

The defendants then fled the Long's parking lot in the SUV with defendant Le at the wheel. A short time later, they were apprehended by police officers who found the stolen Long's merchandise in the SUV. The total value of the merchandise was over $200.

### B. *The No Contest Plea*

Defendant Le was charged by felony complaint with three counts: (1) second degree robbery of the Long's department managers (§§ 211, 212.5, subd. (c)); (2) second degree burglary of the Long's drugstore (§§ 459, 460, subd. (b)); and (3) second degree burglary of the Safeway store (§§ 459, 460, subd. (b)). The complaint also alleged that defendant had three prior serious or violent felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12), for residential burglary and attempted robbery, and one prior serious felony conviction for attempted robbery (§§ 667, subd. (a), 1192.7).

After a preliminary hearing, defendant was held to answer on all three counts. Defendant subsequently entered into a plea agreement in which he agreed to plead no contest to count one, second degree robbery, and count two, second degree burglary. Defendant also admitted the prior conviction allegations. In exchange, the prosecutor dismissed count three, second degree burglary of the Safeway store. There was no agreement regarding sentencing.

### C. *Sentencing*

Prior to sentencing, defendant filed a request for the trial court to exercise its discretion pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] to dismiss his prior strike convictions in the interests of justice. After a *Romero* hearing, the trial court dismissed two of the prior strike convictions.

The trial court then sentenced defendant to a total term of 12 years four months, which included a doubled middle term of six years for the robbery conviction and a doubled one-third the middle term of one year four months on the burglary conviction, plus a five-year serious felony enhancement (§ 667, subd. (a)). The trial court also imposed a $4,800 restitution fine and a $4,800 parole revocation fine, suspended.

## III. DISCUSSION

### A. *Multiple Punishments (Section 654)*

The trial court ordered that the sentence of one year four months on the conviction for burglary (count 2; §§ 459, 460, subd. (b)) be served consecutively with the six-year sentence on the robbery conviction (count 1; §§ 211, 212.5, subd. (c)). Defendant contends that the sentence of one year four months on count two violates the section 654 ban on multiple punishments, because the offenses of robbery and burglary were committed in

an indivisible course of conduct with one purpose: to steal goods from Long's drugstore. Accordingly, defendant requests a stay of the sentence. The People concede that the consecutive sentence on the burglary conviction violates section 654.

We find the concession appropriate. Section 654 provides in pertinent part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." In determining whether the consecutive sentence of one year four months on the burglary conviction violates the ban on multiple punishments and should be stayed, we are guided by well-established rules concerning the application of section 654.

■ "Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. DeLoza* (1998) 18 Cal.4th 585, 591 [76 Cal.Rptr.2d 255, 957 P.2d 945].) It is the defendant's intent and objective that determines whether the course of conduct is indivisible. (*People v. Hicks* (1993) 6 Cal.4th 784, 789 [25 Cal.Rptr.2d 469, 863 P.2d 714].) Thus, " '[i]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once.' " (*People v. Palmore* (2000) 79 Cal.App.4th 1290, 1297 [94 Cal.Rptr.2d 784], quoting *People v. Harrison* (1989) 48 Cal.3d 321, 335 [256 Cal.Rptr. 401, 768 P.2d 1078].)

On the record before us, it is apparent that defendant Le's offenses of robbery and burglary were the means of accomplishing the single intent of stealing bottles of whiskey and packages of diapers from the Long's drugstore in Mountain View on January 10, 2004. As the magistrate determined at the preliminary hearing, the robbery offense arose from defendant's use of force to steal the Long's merchandise, which occurred when defendant struggled with the Long's department manager over the car keys and then drove off while the manager's upper body was still in the vehicle, in an effort to depart with the goods obtained in the store burglary.

■ Moreover, we agree with defendant that the lack of an objection by trial counsel to the consecutive sentence on count two does not constitute a waiver of the section 654 issue. "It is well settled . . . that the court acts in 'excess of its jurisdiction' and imposes an 'unauthorized' sentence when it erroneously stays or fails to stay execution of a sentence under section 654" and therefore a claim of error under section 654 is nonwaivable. (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

■ We also agree that the multiple victim exception to section 654 is not applicable here. Under the multiple victim exception, " ' "even though a defendant entertains but a single principal objective during an indivisible course of conduct, he [or she] may be convicted and punished for each crime of violence committed against a different victim." [Citations.]' " (*People v. Centers* (1999) 73 Cal.App.4th 84, 99 [86 Cal.Rptr.2d 151].) However, burglary does not constitute a crime of violence unless the defendant "inflicted great bodily injury in the commission of the burglary." (*Ibid.*; see also *People v. Guzman* (1996) 45 Cal.App.4th 1023, 1028 [53 Cal.Rptr.2d 67].)

In the present case, the record lacks any indication that defendant inflicted great bodily injury in the commission of the Long's drugstore burglary. The only victim of a crime of violence was the Long's department manager who struggled with defendant during the robbery. Accordingly, we conclude that the multiple victim exception does not apply and therefore the consecutive sentence of one year four months on the burglary conviction violates section 654 and must be stayed.

### B. *Restitution Fine*

Defendant contends that the trial court also violated the section 654 ban on multiple punishments by calculating the amount of the $4,800 restitution fine and the $4,800 parole revocation fine based in part upon the burglary conviction. Because trial counsel failed to object to the excessive fines, defendant also claims that he was deprived of effective assistance of counsel. Defendant requests that the judgment be modified to impose a reduced restitution fine of $2,400 and a corresponding $2,400 parole revocation fine. In the alternative, defendant requests that the matter be remanded for resentencing.

At the time of sentencing, the trial court ordered defendant to pay a restitution fund fine of "$4,800 under the formula permitted by [section] 1202.4." The trial court also imposed and suspended a parole revocation fine in an "identical or like amount" under section 1202.45. Thus, the record reflects that the trial court calculated the restitution and parole revocation fines of $4,800 each under the formula provided by section 1202.4, subdivision (b)(2), which provides, "In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of

which the defendant is convicted." We observe that the product of $200 multiplied by defendant's sentence of 12 years four months (rounded to 12 years), multiplied by defendant's two felony convictions, is $4,800.

Thus, the question before us is twofold: (1) whether the trial court's imposition of a restitution fine of $4,800 and a corresponding $4,800 parole revocation fine violates the section 654 ban on multiple punishments because the trial court considered the burglary conviction in calculating the fines; and (2) if so, whether trial counsel's failure to object to the fines constitutes ineffective assistance of counsel. To answer the question, we must first determine whether, as defendant contends, a restitution fine constitutes punishment for purposes of section 654.

The People reject defendant's contention and argue that a restitution fine is not punishment as that term is used in section 654. They view the language of section 654 as clearly indicating that the term "punishment" refers only to "term[s] of imprisonment," as set forth in subdivision (a) of section 654: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

We are not convinced by the People's argument, for several reasons. First, the California Supreme Court has determined that "the Legislature intended restitution fines as punishment." (*People v. Hanson* (2000) 23 Cal.4th 355, 361 [97 Cal.Rptr.2d 58, 1 P.3d 650].) Thus, a restitution fine calculated under the formula provided by section 1202.4, subdivision (b)(2), constitutes a criminal penalty, not a civil remedy. (*People v. Hanson* at pp. 361–362.) Second, our Supreme Court has established the general rule that section 654 "prohibits the use of a conviction for any punitive purpose if the sentence on that conviction is stayed." (*People v. Pearson* (1986) 42 Cal.3d 351, 361 [228 Cal.Rptr. 509, 721 P.2d 595] [barring sentence enhancements based on a stayed sentence].)

Third, there is no explicit language in section 1202.4, subdivision (b)(2), to suggest that the Legislature intended to except restitution fines from the section 654 ban on multiple punishments. While the California Supreme Court ruled in *People v. Benson* (1998) 18 Cal.4th 24 [74 Cal.Rptr.2d 294, 954 P.2d 557] that a statute may create an exception to section 654 without expressly referring to section 654, the statutes that have been construed to override section 654 have included language expressly authorizing multiple punishments. (*People v. Benson, supra,* 18 Cal.4th at pp. 31–33.)

In *Benson*, our Supreme Court determined that the language of the Three Strikes law (§ 1170.12, subd. (b)(1)) "unequivocally establishes that the electorate intended to qualify as separate strikes *each* prior conviction that a defendant incurred relating to the commission of a serious or violent felony, notwithstanding the circumstance that the trial court, in an earlier proceeding, may have stayed sentence on one or more of the serious or violent felonies under compulsion of the provisions of section 654." (*People v. Benson, supra,* 18 Cal.4th at p. 31.) The language of section 1170.12, subdivision (b)(1) deemed to override section 654 includes an express provision that a strike for purposes of the Three Strikes law " 'shall be defined' " as set forth in subdivision (b) " '[*n*]*otwithstanding any other provision of law. . . .*' " (18 Cal.4th at p. 31, original italics.) Additionally, section 1170.12, subdivision (b)(1)(B), "provides explicitly that a stayed or suspended sentence is not exempt from qualifying as a strike." (18 Cal.4th at p. 31.)

█ Our Supreme Court in *Benson* also noted previous decisions ruling that an express reference to section 654 is not required for a statute to create an exception to the section 654 ban on multiple punishments, including *People v. Hicks* (1993) 6 Cal.4th 784, 791–792 [25 Cal.Rptr.2d 469, 863 P.2d 714] (Legislature not required to cite § 654 in § 667.6); *People v. Ramirez* (1995) 33 Cal.App.4th 559, 573 [39 Cal.Rptr.2d 374] (§ 667, subd. (e)'s provision of a sentence enhancement in addition to any other authorized punishment constitutes an exception to § 654); *People v. Powell* (1991) 230 Cal.App.3d 438, 441 [281 Cal.Rptr. 568] (provision of Health and Safety Code § 11370.2 authorizing double punishment in addition to any other authorized punishment prevails over § 654).

In the present case, our review of the language of section 1202.4, subdivision (b)(2), shows that there is no explicit language similar to the statutory language construed in the above decisions to constitute an override of section 654. Section 1202.4, subdivision (b)(2), does not provide that restitution fines are to be imposed in addition to any other authorized punishment or notwithstanding any other provision of law, or without regard to whether the sentence on a felony count is stayed. To the contrary, section 1202.4, subdivision (b)(2), merely provides that the number of felony counts of which a defendant was convicted may be used as a multiplier in calculating the amount of the restitution fine.

█ Therefore, we determine that the section 654 ban on multiple punishments is violated when the trial court considers a felony conviction for which the sentence should have been stayed pursuant to section 654 as part of the court's calculation of the restitution fine under the formula provided by section 1202.4, subdivision (b)(2). █ For that reason, the trial court erred in the present case to the extent the court used the felony conviction on the burglary count to calculate the amount of the restitution fine.

## C. *Ineffective Assistance of Counsel*

Defendant elects to challenge the trial court's order imposing a restitution fine of $4,800 and a corresponding parole revocation fine of $4,800 on the ground of ineffective assistance of counsel. Defendant states that the trial court "had the authority to impose a fine in any amount between the statutory minimum of $200 and the maximum of $10,000," pursuant to section 1202.4, subdivision (a), and he "was thus required to object to the court's improper exercise of sentencing discretion pursuant to the permissive statutory formula of section 1202.4[, subdivision] (b)(2) if he wanted to seek reduction of the fine under the formula. [Citation]." Accordingly, defendant contends that "counsel's failure to object and point out this clear error to the court deprived [defendant] of his right to effective assistance of counsel at sentencing . . . ."

■ To prevail on an ineffective assistance of counsel claim, the defendant must show that (1) "counsel's performance fell below a standard of reasonable competence" and (2) "prejudice resulted." (*People v. Anderson* (2001) 25 Cal.4th 543, 569 [106 Cal.Rptr.2d 575, 22 P.3d 347]; see *Strickland v. Washington* (1984) 466 U.S. 668, 687–688 [80 L.Ed.2d 674, 104 S.Ct. 2052].) Thus, "[e]ven where deficient performance appears, the conviction must be upheld unless the defendant demonstrates prejudice, i.e., that, ' " 'but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' [Citations.]" (*People v. Anderson, supra,* 25 Cal.4th at p. 569.)

The People argue that defendant cannot meet his burden to establish that the trial court's error was prejudicial because the trial court has the discretion to set the amount of the restitution fine, as long as the amount is between $200 and $10,000 and is "commensurate with the seriousness of the offense," pursuant to section 1202.4, subdivision (b)(1). In the People's words, "[t]here is nothing in the statute that would prevent the court from setting the exact same fine even without using the [section 1202.4, subdivision (b)(2)] formula."

However, the record before us indicates that the trial court relied on the formula provided by section 1202.4, subdivision (b)(2), when the court calculated the amount of the $4,800 restitution fine. We find it is reasonably probable that the trial court would have imposed a smaller restitution fine (and thus a smaller corresponding parole revocation fine) if trial counsel had objected both to the improper consecutive sentence and to the trial court's improper inclusion of the burglary conviction when the court calculated the restitution fine under the section 1202.4, subdivision (b)(2) formula. When the burglary conviction and sentence of one year four months on count two are

omitted in calculating the amount of the restitution fine under the section 1202.4, subdivision (b)(2) formula, the calculation results in a restitution fine of $2,200 (the product of $200 multiplied by defendant's sentence of 11 years, multiplied by one felony conviction).

Accordingly, we find that trial counsel's error was prejudicial and, as requested by defendant, we will reduce the amount of the restitution fine and the corresponding parole revocation fine. Based on our calculation, we will order that the abstract of judgment be modified to reduce the amount of the restitution fine (§ 1202.4, subdivision (b)) to $2,200 and the corresponding parole revocation fine (§ 1202.45) to $2,200.

## IV. DISPOSITION

The judgment is ordered modified to reflect that the sentence on count two, burglary in the second degree, is stayed pursuant to Penal Code section 654. The judgment is also modified to reduce the restitution fine from $4,800 to $2,200, and the parole revocation fine from $4,800 to $2,200. As so modified, the judgment is affirmed. The superior court is ordered to send a certified copy of the corrected abstract of judgment to the Department of Corrections.

Premo, Acting P. J., and Duffy, J., concurred.

A petition for a rehearing was denied March 7, 2006, and the opinion was modified to read as printed above.