Filed 7/1/13  P. v. Green CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GLEN GREEN,<br><br>    Defendant and Appellant. | D062646<br><br><br>(Super. Ct. No. SCD238807) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed as modified with directions.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2012, a jury found Glen Green guilty of pandering (Pen. Code, § 266i, subd. (a)(2); count 1; all further statutory references are to the Penal Code) and pimping (§ 266h, subd. (a); count 2). In September, the court sentenced him to three years in prison: the three-year lower term for pandering and a stayed (§ 654) three-year lower concurrent term for pimping. Green appeals, contending the court abused its discretion and violated section 654's proscription against multiple punishment by relying on count two in calculating the amount of the restitution fine. The People properly concede the point.

In 2012, section 1202.4, subdivision (b) allows the court to calculate the amount of the restitution fine by multiplying $240 "by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2) & (1).) When sentence on a count is stayed pursuant to section 654, that count cannot be a part of the calculation. (*People v. Le* (2006) 136 Cal.App.4th 925, 933-934.) Here, the court imposed a $1,440 restitution fine, calculated as $240 times three (years) times two (counts). Because the sentence on count two was stayed pursuant to section 654, the fine must be reduced to $720. The parole revocation fine, which must be in the same amount as the restitution fine (§ 1202.45), must also be reduced to $720. We need not discuss Green's contention that trial counsel was ineffective in failing to object to the amount of the restitution fine.

### DISPOSITION

The $1,440 restitution fine (§ 1202.4, subd. (b)) and the $1,440 parole revocation fine (§ 1202.45) are each reduced to $720. As so modified, the judgment is affirmed.

The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward it to the Department of Corrections and Rehabilitation.


McINTYRE, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

3