Filed 2/10/14  P. v. Galope CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY GALOPE,<br><br>    Defendant and Appellant. | H039646<br>(Monterey County<br>Super. Ct. No. SS111541A) |

## I.  INTRODUCTION

Defendant Michael Anthony Galope pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of methamphetamine (*Id.*, § 11377, subd. (a)).  He also admitted having suffered one prior conviction (*id.*, § 11370.2, subd. (a)), and having served two prior prison terms (Pen. Code, § 667.5, subd. (b)).[1]  He was placed on probation with various terms and conditions.  After defendant violated his probation, the trial court sentenced him to five years in county jail.

On appeal, defendant contends that a restitution fine, a probation revocation restitution fine, and a suspended parole revocation restitution fine imposed by the trial court should each be reduced to $200.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

For reasons that we will explain, we will order the restitution fine and the probation revocation restitution fine each reduced to $200, and the parole revocation restitution fine stricken. We will affirm the judgment as so modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2011, sheriff deputies contacted defendant, who indicated that he was on parole and subject to search.[2]  Upon searching defendant and his car, deputies found 1.91 grams of a substance that tested presumptively positive for methamphetamine, as well as messages on defendant's cell phone from people requesting prices for narcotics. Later, defendant called his wife and told her that he had been "conducting business."  He instructed her to collect money from those who owed him.

On November 18, 2011, defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) and possession of methamphetamine (*Id.*, § 11377, subd. (a); count 2). He also admitted that he had suffered a prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a), and that he had served two prior prison terms (§ 667.5, subd. (b)).

On December 30, 2011, the trial court sentenced defendant to five years in prison, suspended execution of the sentence, and placed defendant on probation for three years with various terms and conditions. The five-year term consisted of the middle term of two years on count 1 (possession of methamphetamine for sale) and three years consecutive for a prior conviction under Health & Safety Code section 11370.2, subdivision (a). The court stayed the sentence on count 2 (possession of methamphetamine). The court ordered defendant to pay various amounts, including a

---

[2] As defendant was convicted by plea, the facts underlying defendant's offenses are taken from the probation report, which is based on a report by the Monterey County Sheriff's Office.

2

$200 restitution fine (former § 1202.4, subd. (b)) for count 1 and a $400 suspended probation revocation restitution fine (*Id.*, § 1202.44).

On December 18, 2012, a notice of violation of probation was filed based on defendant's alleged failure to obey all laws.

On March 27, 2013, defendant was found in violation of probation based on his no contest pleas to two misdemeanors in another case.

On May 10, 2013, at a combined sentencing hearing for both the instant case and the misdemeanor case, the trial court in the instant case terminated probation and sentenced defendant to prison for the previously suspended term of five years. Regarding fines in the instant case, the court stated: "The previously imposed but suspended $400 fine is now imposed for the defendant's failure to successfully complete probation. [¶] An additional $400 fine is imposed but suspended pending successful completion of parole." With respect to the misdemeanor case, the court placed defendant on probation and imposed various amounts, including two restitution fines of $140 each and a suspended probation revocation restitution fine of $280.

Defendant filed notices of appeal on May 13 and 23, 2013.

On September 4, 2013, the trial court recalled the sentence and resentenced defendant to county jail instead of prison pursuant to section 1170, subdivision (h). According to the minutes of the hearing, which were signed by the court, the sentence was to otherwise remain the same.

### III.   DISCUSSION

On appeal, defendant contends that the trial court was not authorized to impose the following: (1) a $400 probation revocation restitution fine on December 30, 2011; (2) a $280 suspended parole revocation fine on May 10, 2013; and (3) a $280 restitution fine on May 10, 2013. Defendant contends that each of these amounts must be reduced to $200, so that they are the same amount as the restitution fine originally imposed by the court on December 30, 2011, when defendant was initially placed on probation.

3

The Attorney General suggests that remand may be necessary so that the trial court may clarify the various amounts imposed in this case. The Attorney General further states that "it appears that [defendant's] claim that the probation revocation and parole revocation fines in this case should be reduced has merit."

First, we determine the amount of the restitution fine imposed by the trial court because the probation and parole revocation restitution fines are based on the amount of the restitution fine. Defendant asserts that the trial court imposed a restitution fine of $200 (former § 1202.4, subd. (b)) when he was initially placed on probation on December 30, 2011. The reporter's transcript reflects that at the December 30, 2011 hearing, the court referred to a $200 restitution fine twice. Similarly, the clerk's minutes for the hearing, which the court signed, reflect a $200 restitution fine for count 1 and a $200 restitution fine for count 2. We agree with the Attorney General that the restitution fine could not be based on count 2 because the court had stayed the sentence on count 2. (*People v. Le* (2006) 136 Cal.App.4th 925, 934 [the "ban on multiple punishments is violated when the trial court considers a felony conviction for which the sentence should have been stayed pursuant to section 654 as part of the court's calculation of the restitution fine under the formula provided by section 1202.4, subdivision (b)(2)"].) Therefore, we will modify the judgment by reducing the restitution fine to $200 (former § 1202.4, subd. (b)).

Second, the parties agree that the probation revocation restitution fine imposed by the trial court under section 1202.44 should have been in the same amount as the restitution fine, and therefore the probation revocation restitution fine should be reduced from $400 to $200. We will modify the judgment accordingly. (§ 1202.44 [probation revocation restitution fine shall be "in the same amount" as the restitution fine imposed under section 1202.4, subdivision (b)].)

Third, both parties also assert that the parole revocation restitution fine imposed by the trial court under section 1202.45 should be reduced to $200. The record reflects

4

that the court imposed a suspended parole revocation restitution fine of $400. Former section 1202.45 provided that "[i]n every case where a person is convicted of a crime and whose sentence *includes a period of parole*, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (Stats. 2007, ch. 302, § 15, italics added; see § 1202.45, subd. (a).) In this case, defendant was sentenced to county jail pursuant to section 1170, subdivision (h). "[A] defendant sentenced under section 1170, subdivision (h) . . . is not subject to a state parole period after his or her sentence is completed. [Citation.])" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671-672, fn. omitted; accord, *People v. Lynch* (2012) 209 Cal.App.4th 353, 357.) "Accordingly, such a defendant is not subject to a parole revocation restitution fine. (§ 1202.45 . . . .)" (*Cruz, supra*, at p. 672, fn. 6.) In this case, we will order the parole revocation restitution fine stricken.

Lastly, defendant contends that the trial court erroneously imposed a $280 restitution fine on May 10, 2013, and that it must be reduced to $200 as originally imposed by the court on December 30, 2011. The Attorney General indicates that the basis for other amounts imposed by the court at the May 10, 2013 hearing "is not evident from the record." Based on our careful review of the record, it appears that the $280 restitution fine identified by defendant, as well as the other amounts identified by the Attorney General, were imposed by the court at the combined sentencing hearing on May 10, 2013, in connection with defendant's sentence in the misdemeanor case, which is not part of this appeal. Indeed, all of those amounts appear in the reporter's transcript after the court makes reference to "the misd[emeanor] case, which is case ending 394 . . . ." Further, neither the clerk's minutes nor the amended abstract of judgment for the instant case contain any reference to such amounts. Therefore, no modification of the judgment is required in this regard.

5

## IV.  DISPOSITION

The judgment is ordered modified by reducing the amount of the restitution fine to $200 (former § 1202.4, subd. (b)), by reducing the amount of the probation revocation restitution fine to $200 (§ 1202.44), and by striking the parole revocation restitution fine (§ 1202.45).  As so modified, the judgment is affirmed.


_____
BAMATTRE-MANOUKIAN,  ACTING  P.J.


WE CONCUR:


_____
MIHARA,  J.


_____
GROVER,  J.


6