Filed 7/20/16  P. v. Johnson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANADOA WAYNE JOHNSON,<br><br>    Defendant and Appellant. | C080019<br><br>(Super. Ct. Nos.<br>CM037307, CM042994) |

On appeal, defendant Shanadoa Wayne Johnson challenges the victim restitution award entered by the trial court in association with defendant's plea of no contest to charges of theft from an elder and grand theft by false pretenses.  We will modify the judgment to reduce the victim restitution award.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant offered to pave the driveway of the victim, 91-year-old Richard Millington, for $1,800.[1]  Based on this agreement, Millington wrote an initial check to defendant in the amount of $1,280 (check No. 1) to purchase materials, which defendant's father (codefendant) cashed.  The next day, defendant returned to Millington's house to begin work and asked Millington for an additional check in the amount of $2,400 to pay for materials and labor, which Millington provided (check No. 2).  Within 30 minutes of receiving that check, defendant returned to Millington's home, informed Millington that the bank could not cash that check because of an error, and that a new check would be needed in the same amount.  Millington wrote another check in the amount of $2,400 (check No. 3) and called his bank to stop payment on the prior check (check No. 2).  Shortly thereafter, Millington received a telephone call from a check cashing business asking for his authorization to cash a check in the amount of $2,400 to defendant's father.  Assuming the check being presented was the most recent one (check No. 3), Millington provided his authorization to the check cashing business.

A few days later, defendant completed the project at Millington's home, and calculated the final price for the project.  Defendant's father demanded that Millington pay an additional $4,800, which Millington refused to do, claiming he had already paid in full.  When defendant returned, he threatened to sue Millington if he did not pay, so Millington wrote an additional check in the amount of $1,500 (check No. 4).  About a week later, the check cashing business called Millington claiming he owed them $2,400 because he authorized payment on a canceled check (check No. 2).  So, Millington wrote a check to the check cashing business in the amount of $2,400 (check No. 5).

---

[1]  This factual summary is drawn from the probation report.  (Defendant expressly stipulated in the trial court to use of the probation report for a factual basis for his plea.)

An investigator determined Millington had paid a total of $7,580 as a result of this sophisticated scheme employed by defendant and his father. An assistant vice president of the bank provided copies of five checks that were written against Millington's account to defendant, his father, and the check cashing business. The total amount of these five checks was $9,980. The value of the work done, as reported in the probation report, is $331. The probation report indicates Millington requested restitution in the amount of $9,569. However, his itemized statement of loss presented to the probation department lists a loss in the amount of $7,580.

In case No. CM042994, defendant pleaded no contest to theft from an elder (Pen. Code, § 368, subd. (d)),[2] obtaining money by false pretenses (§§ 487, 532, subd. (a)), and contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)). Based on this plea, the trial court found defendant in violation of his probation in cases Nos. CM036696 and CM037037. In the cases here—Nos. CM037037 and CM042994—the trial court sentenced defendant to a cumulative county jail term of five years four months. The trial court also imposed statutory fines and fees, and ordered defendant to pay victim restitution to Millington in the amount of $9,569.

## DISCUSSION

Defendant challenges the trial court's award of victim restitution to Millington, claiming it is premised on a calculation error. The People claim defendant forfeited this contention, and even if it was not forfeited, the calculation was not erroneous. Defendant argues that the contention is not forfeited because the sentence is unauthorized, and if it is forfeited trial counsel rendered ineffective assistance by failing to object. We conclude the contention was forfeited, but that the victim restitution award must be reduced to

---

[2] Undesignated statutory references are to the Penal Code.

3

$7,249 because it was erroneous as awarded, and trial counsel rendered ineffective assistance by failing to object to the victim restitution award.

## 1.0 Forfeiture

"An objection to the amount of restitution may be forfeited if not raised in the trial court. 'The unauthorized sentence exception is "a narrow exception" to the waiver doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case . . . ." [Citations.] The class of nonwaivable claims includes "obvious legal errors at sentencing that are correctable *without referring to factual findings in the record* or remanding for further findings." ' " (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) However, " '[c]laims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court.' " (*Ibid.*, italics omitted.) "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*Garcia*, at p. 1218.) Here, defendant's contention that the restitution award was erroneous is not a legal question but one challenging the trial court's factual finding. Accordingly, the claim is forfeited.

## 2.0 Ineffective Assistance of Counsel

Despite forfeiture of the claim, we must determine whether, as defendant contends, counsel was ineffective in failing to object to the restitution award. We conclude counsel did render ineffective assistance by failing to object to the amount of victim restitution awarded to Millington because it is incorrectly calculated to award duplicative restitution for a check that was canceled and, had counsel brought this to the attention of the trial court, the award would have been reduced.

4

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Maury* (2003) 30 Cal.4th 342, 389; see *Strickland v. Washington* (1984) 466 U.S. 668, 686-687 [80 L.Ed.2d 674].) "Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*People v. Williams* (1997) 16 Cal.4th 153, 215.)

Section 1202.4 states, in relevant part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) Thus, restitution is meant to reimburse victims but not to overcompensate them. (*Id*., subd. (f)(3); *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.) A victim's testimony, claim, or statement demonstrating his loss is prima facie evidence of the loss. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) It is then incumbent on the defendant to present evidence challenging that claimed amount. (*Ibid.*) The trial court must calculate the victim restitution award by employing " 'a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' " (*Chappelone*, *supra*, at p. 1172.)

Here, Millington wrote five separate checks: four to defendant and/or his father (checks Nos. 1, 2, 3, and 4), and one to the check cashing business (check No. 5). However, Millington canceled or stopped payment on one of the checks (check No. 2) he wrote to defendant and/or defendant's father before the funds were withdrawn from his account. Indeed, it is because the check cashing business was unable to collect from

Millington's bank for this canceled check (check No. 2) that he was obliged to write a separate check to the check cashing business to fulfill that debt (check No. 5). Had Millington not successfully canceled payment of the $2,400 check (check No. 2), there would have been no reason for the check cashing business to seek payment from Millington directly (check No. 5): They would have collected from Millington's bank upon presentation of the check defendant and/or his father presented to the check cashing business (check No. 2). Thus, even though Millington wrote five separate checks, all of which were likely presented to his bank for payment, only four were actually withdrawn from his account (checks Nos. 1, 3, 4, and 5). Millington did not suffer a separate economic loss relative to the canceled check (check No. 2) because that loss was suffered via the check written to the check cashing business (check No. 5), which is already accounted for in the calculation. Therefore, it was error for the canceled check (check No. 2) to be included in the calculation of Millington's loss.

Under prevailing professional norms, a competent defense counsel would have noticed that the recommended restitution award included the $2,400 from *both* the canceled check (check No. 2) and the check written to the check cashing business (check No. 5) to compensate it for its loss relative to that canceled check. (*See People v. Le* (2006) 136 Cal.App.4th 925, 935-936 [counsel ineffective in failing to object to fine calculation].) While the scheme employed by defendant and his father involved a moderate level of sophistication, a reading of the probation report makes clear that the probation department miscalculated the restitution award in a manner that resulted in Millington's being overcompensated for his loss. Further, the victim's own statement of loss, included as an attachment to the probation report, listed the amount of loss at $7,580. This was a clear signal to defense counsel that there was an issue with the separate and greater calculation contained in the probation report. We cannot conceive of any tactical reason for counsel's failure to object. Accordingly, we conclude that trial

counsel's performance in this regard was deficient. Moreover, had counsel objected, it is certainly "reasonably probable" the trial court would have reduced the victim restitution award to compensate Millington only for the amount of the four checks actually withdrawn from his account (checks Nos. 1, 3, 4, and 5), less the value of the work performed ($331). Therefore, defendant was prejudiced by counsel's failure to object.

## DISPOSITION

The judgment is modified to reduce the victim restitution award to Milligan to $7,249. As modified, the judgment is affirmed.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal.[3] Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.

        BUTZ        , Acting P. J.

We concur:

    MURRAY    , J.

    DUARTE    , J.

---

[3] Business and Professions Code section 6086.7, subdivision (a)(2) requires the court to notify the State Bar "[w]henever a modification or reversal of judgment in a judicial proceeding is based in whole or in part on the misconduct, *incompetent representation*, or willful misrepresentation of an attorney." (Italics added.)

7