Filed 7/25/24 P. v. Boyd CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRI DEE BOYD,<br><br>    Defendant and Appellant. | 2d Crim. No. B326779<br>(Super. Ct. No. 19F-07926)<br>(San Luis Obispo County) |

Terri Dee Boyd appeals following a trial at which the jury found her guilty of simple assault (Pen. Code[1], § 240; count 1); battery with serious bodily injury (§ 243, subd. (d); count 2); and simple battery (§ 242; count 3). Appellant contends the trial court erred by: (1) failing to instruct on unanimity as to count 3; (2) not staying the sentence on either count 1 or 2 pursuant to section 654; (3) not staying the misdemeanor restitution fine for

---

[1] All undesignated statutory references are to the Penal Code.

count 1 pursuant to section 654; and (4) imposing fines and fees when appellant had no ability to pay. Appellant further contends remand for resentencing is necessary because the trial court imposed a $1,000 fine without citing a statutory basis.

We conclude no unanimity instruction was required. We consider the section 654 issue to be moot, except as to the $300 misdemeanor restitution fine, which we will strike. We will remand with direction for the trial court to (1) impose any misdemeanor restitution fine without considering count 1; and (2) specify the statutory basis for the $1,000 fine. On remand, appellant may request an ability to pay hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Prosecution Evidence*

Appellant lived in a home with her mother, Betty Busick. Kellie Myrick, who is appellant's sister, and Myrick's boyfriend David Bristulf were renovating a small "granny home" on the same property. One day, Myrick threw away a picture frame she found on the granny home's deck. The frame belonged to appellant, who became upset.

The next morning, Myrick and Bristulf went to the main home to visit Busick for breakfast. Appellant was cooking bacon and hash browns in a frying pan, and she was holding a fork. Appellant and Myrick began arguing. Busick called Bristulf into the living room so appellant and Myrick could "sort it out."

After about a minute of verbal argument, the encounter escalated into a physical fight. Appellant hit Myrick, who hit back. Appellant used the fork to stab Myrick in the neck, back, and three times in the left arm. Appellant grabbed Myrick's head, brought it to her face, and bit Myrick's cheek. Myrick recalled that appellant had Myrick's hair in both hands. Myrick

2

estimated the physical fight lasted no longer than two or three minutes.

Busick asked her daughters to "[b]reak it up." Bristulf returned to the kitchen, and he saw appellant holding Myrick by the hair, forcing Myrick's head down. Bristulf said, "Girls, break it up." Appellant let go of Myrick, grabbed the bubbling frying pan, and "swung it like a baseball bat at [Bristulf's] face." The cooking side of the pan—containing bacon, hash browns, and grease—struck the right side of Bristulf's face, from ear to cheek. He walked out of the house and called 911. An ambulance took Bristulf to the hospital. During the ride, he received fentanyl for pain. Bristulf later developed an infection near his ear. He testified he had "looked like a monster." At the time of trial, Bristulf was unsure whether he had any visible injury to his face.

*Defense Evidence*

Appellant testified her relationship with Myrick had always been problematic. Appellant supported herself by making art pieces, and Myrick had thrown one (the picture frame) away. On the day of the altercation, appellant was cooking breakfast when Myrick came into the house and started screaming at appellant. Appellant said she would call 911. Myrick blocked appellant from reaching the phone and grabbed her hair. Myrick hit appellant in the neck and banged appellant's head against a bar. Appellant admitted to grabbing Myrick's hair, but she denied hitting Myrick. Appellant did not remember biting Myrick and questioned whether Myrick even sustained a bite on her cheek. Appellant could not recall whether she used the fork during the altercation. At one point, "while all hell was breaking loose," the frying pan began to smoke. Appellant grabbed the pan, and its contents "went everywhere." Appellant did not

3

purposefully throw grease onto Bristulf, nor did she hit him with the frying pan.

*Verdicts and Sentencing Hearing*

The jury acquitted appellant on the charge of assault with a deadly weapon (hot pan with grease) (§ 245, subd. (a)(1)) against Bristulf but convicted her on the lesser included offense of simple assault (count 1). The jury also convicted appellant of battery with serious bodily injury against Bristulf (count 2) and simple battery against Myrick (count 3).

On count 2, the court suspended imposition of sentence and placed appellant on three years of formal probation. The court ordered appellant to serve 120 days in county jail. As to the misdemeanor counts 1 and 3, the court sentenced appellant to credit for time served.

The court also ordered fines and fees to be paid as directed by the probation department, including: (1) a $300 felony restitution fine (§ 1202.4, subd. (b) and (d)); (2) a $300 misdemeanor restitution fine (*ibid*.); and (3) an unspecified statutory fine of $1,000, suspended if no probation violation.

DISCUSSION

*Unanimity Instruction*

Appellant contends the trial court erred by failing to instruct on unanimity as to count 3—the simple battery against her sister Myrick. We disagree.

"In a criminal case, 'the jury must agree unanimously the defendant is guilty of a *specific* crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act.'" (*People v. Covarrubias* (2016) 1 Cal.5th 838, 877-

4

878.)  This requirement "'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.'" (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.)

However, "no unanimity instruction is required if the case falls within the continuous-course-of-conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction' . . . ." (*People v. Jennings* (2010) 50 Cal.4th 616, 679.)  This exception "'applies when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them.'" (*People v. Williams* (2013) 56 Cal.4th 630, 682.)

We review this instructional issue de novo.  (See *People v. Sorden* (2021) 65 Cal.App.5th 582, 616.)

The continuous-course-of-conduct exception applies here. Appellant's acts of grabbing Myrick's hair, hitting her, biting her, and stabbing her with a fork all occurred within a compressed timeframe.  Myrick estimated the physical fight lasted no longer than two or three minutes.  Appellant's conduct formed a single transaction.  (See, e.g., *People v. Mota* (1981) 115 Cal.App.3d 227, 233-234 [acts of sexual violence spanning approximately one hour a continuous crime].)  Moreover, appellant did not offer "'entirely different'" defenses to each act of violence against Myrick. (*People v. Covarrubias*, *supra*, 1 Cal.5th at p. 880.)  During summation, appellant's counsel argued self-defense without clearly distinguishing between the different acts.  The jury's verdict signifies a total rejection of that defense.  Appellant's "multiple acts constitute[d] a single criminal event." (*People v. Napoles* (2002) 104 Cal.App.4th 108, 116.)  No unanimity instruction was required.

While acknowledging "this is a continuous course of conduct fact pattern," appellant argues a unanimity instruction was still necessary. Appellant relies upon cases requiring the instruction where, as here, the prosecutor argued discrete acts. (*People v. Hernandez* (2013) 217 Cal.App.4th 559, 571; *People v. Norman* (2007) 157 Cal.App.4th 460, 466.) However, the continuous-course-of-conduct exception did not apply in those cases. That exception does apply here. ""Neither instruction nor election are required . . . if the case falls within the continuous course of conduct exception."" (*People v. Leonard* (2014) 228 Cal.App.4th 465, 491.)

*$1,000 Unspecified Statutory Fine*

Appellant contends, and the People concede, the trial court was required to provide a statutory basis for the $1,000 fine. We agree. The "failure to specify the amount and statutory basis for each fine . . . is a 'legal error[] at sentencing' that can be reviewed on appeal "'regardless of whether an objection or argument was raised . . . .'"" (*People v. Hartley* (2016) 248 Cal.App.4th 620, 637.) On remand, the court must specify the $1000 fine's statutory basis.

*Ability to Pay Fines and Fees*

Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, appellant argues that because she lacked the ability to pay, the trial court erred by imposing fines and fees. Even assuming the fines and fees implicate due process as suggested in *Dueñas*, appellant was obliged to create a record demonstrating her inability to pay. (Cf. *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1074.) While counsel orally indicated appellant lacked the ability to pay, appellant did not request an evidentiary hearing. The consequently paltry record cannot support striking all fines and

fees.  However, appellant may raise an ability to pay claim on remand.  We express no view on the merits of any such claim.

*Multiple Punishments Under Section 654*

The misdemeanor simple assault (count 1) and felony battery with serious bodily injury (count 2) stemmed from the same physical act—namely, appellant swinging the frying pan at Bristulf.  Thus, section 654 prevents punishment under both counts.  (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

To the extent the trial court erred in failing to stay the term of credit for time served imposed on count 1, the issue is moot because appellant has already served that term.  Staying it would have no ameliorative effect.  Remand on this issue would be an idle act.  (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889 ["[R]eviewing courts have consistently declined to remand cases where doing so would be an idle act that exalts form over substance . . ."].)  Citing expanded discretion under section 654 after Assembly Bill No. 518, appellant argues we must remand for the court to decide whether to stay punishment on count 1 or count 2.  (Stats. 2021, ch. 441, § 1, p. 6435.)  We are convinced beyond a reasonable doubt that the trial court would not stay the punishment on count 2 to impose credit for time served on count 1.  (*Cf. People v. Berdoll* (2022) 85 Cal.App.5th 159, 165.)  The court already declined to impose only credit for time served.

However, because restitution fines are punishment, section 654 precluded the court from considering both counts 1 and 2 in setting the restitution fines.  (*People v. Le* (2006) 136 Cal.App.4th 925, 934.)  The court imposed a felony restitution fine pursuant to count 2.  It appears the court also considered count 1 in setting the misdemeanor restitution fine at $300, given that $300 equals the typical statutory minimum for a misdemeanor restitution fine

7

($150) multiplied by the number of appellant's misdemeanor convictions (two).  (See § 1202.4, subd. (b)(1).)  Thus, we will strike that fine.  On remand, the court will impose any misdemeanor restitution fine without considering count 1.

## DISPOSITION

The judgment is modified to strike the $300 misdemeanor restitution fine.  The matter is remanded with direction for the trial court to (1) impose any misdemeanor restitution fine without considering count 1; and (2) specify the statutory basis for the $1,000 fine.  On remand, appellant may request an ability to pay hearing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Michael L. Duffy, Judge
Superior Court County of San Luis Obispo
_____

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.