Filed 9/23/14  P. v. Taylor CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074534 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03070) |
| v. | |
| PAUL EDWIN TAYLOR, | |
| Defendant and Appellant. | |

Defendant Paul Edwin Taylor pleaded guilty to robbery and admitted enhancements for personal use of a firearm and great bodily injury upon a disabled victim.[1]  He was sentenced to 18 years in state prison.  As part of his sentence, he was ordered to pay restitution and parole revocation fines of $280, which he contends violate federal ex post facto principles because they exceed the minimum applicable statutory

---

[1] We dispense with a recitation of the underlying facts of defendant's crime as they are unnecessary to the disposition of this appeal.

1

fines at the time he committed the robbery. On the instant record, we find no violation, but as defendant has raised a meritorious ineffective assistance claim based on defense counsel's failure to object to the imposed fines, we conditionally reduce the restitution and parole revocation fines to $240 each. As to defendant's further contention that the abstract of judgment erroneously reflects a fine pursuant to Penal Code section 1202.5[2] that was not actually imposed by the trial court, we agree and order the abstract of judgment corrected.

## DISCUSSION

"A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.) Thus, the applicable minimum amount of a restitution fine to be assessed is calculated as of the date of the offense. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) Here, the minimum statutory restitution fine in effect at the time defendant committed the robbery in 2012 was $240 (not $280, which was the minimum in effect at the time defendant was sentenced in 2013), and the parole revocation fine was statutorily required to be imposed in an equal amount. (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a).) While defense counsel asked for minimum fines and fees based on defendant's indigence, and the trial court reduced some fines to their minimums based on defendant's inability to pay, the court did not expressly state an intent to impose the minimum authorized restitution and parole revocation fines. Thus, it is not clear from the record whether the trial court imposed the $280 fines as the "minimum" statutory fines or merely as fines within the acceptable statutory range. On this record, defendant has not established a violation of the constitutional prohibition against ex post facto laws.

---

[2] Undesignated statutory references are to the Penal Code.

Nonetheless, we address defendant's assertion that counsel rendered ineffective assistance by failing to object to the imposition of these fines. To prevail on that theory, he must show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693-694, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." (*People v. Kelly* (1992) 1 Cal.4th 495, 520.) " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' [Citations.] '[W]e accord great deference to counsel's tactical decisions' [citation], and we have explained that 'courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight' [citation]. 'Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts.' " (*People v. Weaver* (2001) 26 Cal.4th 876, 925-926.)

The Attorney General agrees with defendant that in this instance there is no tactical reason for defense counsel not to object to the fine. Criminal defense attorneys should be aware of the statutory fines that may be imposed on a defendant, including the minimum assessable restitution and parole revocation fines. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1190; see also *People v. Scott* (1994) 9 Cal.4th 331, 351 ["defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent"]; *People v. Le* (2006) 136 Cal.App.4th 925, 936 [counsel ineffective in failing to object to fine calculation].) Moreover, we can conceive of no tactical reason to refrain from objecting to the fines. Counsel made a blanket

3

request for minimum fines and fees, and the trial court indicated a general willingness to reduce fines and fees, and did actually strike various discretionary fees based on defendant's inability to pay. Moreover, in the probation report, the recommended restitution amount of $3,600 was crossed out and the amount of $240 handwritten in the margin. Therefore, it appears the court likely would have imposed the minimum fine if counsel had objected when the court imposed a restitution fine of $280. Therefore, we conclude counsel rendered ineffective assistance in failing to object to the restitution and parole revocation fines imposed. In the interests of justice, because it appears probable the trial court would have imposed the minimum fines of $240 had counsel objected, we conditionally reduce the imposed restitution and parole revocation fines from $280 each to $240 each.

Defendant additionally contends the abstract of judgment should be corrected because it erroneously reflects a $10 crime prevention program fine pursuant to section 1202.5 that was not orally pronounced by the court at sentencing. When there is a discrepancy between the oral pronouncement of a sentence and the written order, the criminal court's oral pronouncement controls because it "constitutes the rendition of judgment," whereas "the written document is ministerial." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2; accord, *People v. Jones* (2012) 54 Cal.4th 1, 89 [oral pronouncement is judgment, and written abstract of judgment does not add to or modify judgment as orally pronounced].) Here, the trial court did not orally impose the section 1202.5 fine, so the abstract of judgment must be corrected to delete that fine.[3]

---

[3] The abstract of judgment also erroneously reflects a $340.41 main jail booking fee and a $62.09 main jail classification fee, which were expressly waived by the trial court based on defendant's inability to pay. However, it appears defendant's informal letter request (Jan. 8, 2014) to have this corrected was effective, and the trial court has ordered these fees deleted from the abstract. Nonetheless, this court has not received a corrected abstract of judgment reflecting this order. Therefore, we will direct the trial court to correct the abstract of judgment accordingly.

4

## DISPOSITION

The judgment is modified to reduce the restitution and parole revocation fines to $240 each unless, within 30 days after the filing of our remittitur in this matter, the trial court elects to set this matter for a hearing to resentence defendant. As modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment reflecting the reduced fines and deleting the section 1202.5 fine, main jail booking fee, and main jail classification fee, erroneously reflected in the original abstract of judgment, and shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

          BUTZ          , Acting P. J.

We concur:

     MAURO        , J.

     DUARTE       , J.