Filed 1/29/21  P. v. Henderson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076834 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE372771) |
| DERRICK ELI HENDERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lantz Lewis, Judge.  Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

The San Diego County District Attorney on January 17, 2019, filed an amended information charging defendant Derrick Eli Henderson and

codefendant Kathy Williams[1] with the murder and robbery of Travis Lewis. (Pen. Code,[2] §§ 187, subd. (a), count 1 & 211, count 2.)  Defendant was also charged with possession of a firearm by a felon (§ 29800, subd. (a)(1), count 3) and with possession of ammunition by a prohibited person (§ 30305 subd. (a)(1), count 4).  As to count 1, it was alleged that the murder was committed while in the commission of a robbery (§ 190.2, subd. (a)(17)); and as to counts 1 and 2, that defendant personally and intentionally used and discharged a firearm, causing death (§ 12022.53, subds. (b), (c) & (d)).  The amended information further alleged defendant had suffered two serious prior felonies (§§ 667.5, subd. (a)(1), 668 & 1192.7 subd. (c)) and two prior strike convictions (§§ 667 subds. (b)-(i), 668 & 1170.12)).

A jury trial began on June 10, 2019.  Three days later, defendant entered guilty pleas to counts 3 and 4.  He brought a motion for a severance on June 18, 2019, which was denied.  On July 1, 2019, the jury found defendant guilty on counts 1 and 2.  He waived his right to a separate trial on the priors and admitted the serious felony and strike priors.

At defendant's September 10, 2019 sentencing, the court denied his motion to strike the firearm and priors allegations.  As to count 1, the court sentenced defendant to life without the possibility of parole; a consecutive sentence of 25 years to life for the firearm allegation; and an additional five-year term for the serious felony prior.   As to count 2, the court imposed the upper term of five years, doubled for the prior strike; 25 years to life for the firearm allegation; and an additional five years for the serious felony prior. The court stayed execution of these terms pursuant to section 654,

---

[1]    Williams is not a party to this appeal.

[2]    All further statutory references are to the Penal Code unless otherwise noted.

2

subdivision (a). As to counts 3 and 4, the court imposed double the upper term of six years on each count and stayed sentence on these counts pursuant to section 654, subdivision (a). Defendant was thus sentenced to life without the possibility of parole, plus five years and 25 years to life.

As particularly relevant in this appeal, the court at defendant's sentencing imposed without objection fines, fees, and assessments as follows: $30 for each count (§ 70373); $40 for each count (§ 1465.8); a court security fee of $160 (§ 1465.8); a criminal justice administration fee of $154 (Gov. Code, § 29550.1); and a $39 theft fine (§ 1202.5). It also imposed a $5,000 restitution fine (§ 1202.4, subd. (b)), and actual restitution in the amount of $20,000 as a joint and several obligation with codefendant Williams.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant challenges the imposition of the $5,000 restitution fine (§ 1202.4) and the $39 theft fine (§ 1202.5). The People concede the court erred in imposing the $39 theft fine. We agree. In all other respects the judgment is affirmed, including imposition of the $5,000 restitution fine.

## FACTUAL BACKGROUND

On July 20, 2017, Tiesha M. drove defendant and codefendant Williams to a La Mesa mall and waited nearby for them. Defendant and Williams had prearranged to meet Lewis at the mall under the guise of selling him prescription pills, with the intention of robbing him. During the course of the robbery, defendant placed a firearm at Lewis's neck and shot him. Defendant and Williams stole items from Lewis's car. There was a witness to these events, and a nearby surveillance camera captured the crimes. Lewis died from the gunshot wound.

DISCUSSION

Defendant's sole contention on appeal is that in light of *Dueñas*, the trial court failed to hold a hearing on, or otherwise determine, his ability to pay the fees, fines, and assessments it imposed. He asserts this deprived him of due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 7 of the California Constitution.

As the parties note, the questions raised by *Dueñas*—in particular, whether the trial court is obligated to hold an ability to pay hearing before imposing any fees, fines and assessments—has been the subject of substantial controversy among the courts, and the matter is currently pending before our high court. (See *People v. Kopp* (2019) 38 Cal.App.5th 47 (*Kopp*), review granted Nov. 13, 2019, S257844.) Defendant candidly admits he is raising the ability-to-pay issue and related questions to preserve the matter pending the result in *Kopp*.

*Forfeiture*

As we explain, defendant forfeited his appellate argument with respect to the $5,000 restitution fine because he failed to object to the imposition of such at the time of sentencing.

Of particular note, we assume that at the time of sentencing the trial court and parties were aware of *Dueñas*, which then had been in existence for nearly 10 months. (Compare *People v. Castellano* (2019) 33 Cal.App.5th 485 [court declined to apply the forfeiture rule because at the time of sentencing, *Dueñas* was too new for the parties to have known of its existence].) Despite the existence of *Dueñas*, defendant did not request an ability-to-pay hearing, claim he was indigent, or provide any other reason why the restitution fine was too high. Nor did he object to the other fines, fees, and assessments or

4

offer any argument they were so onerous that he could not pay them or they should not be imposed. For its part, the trial court indicated it did not know what defendant would be earning in prison and could not make a finding on ability to pay.

Section 1202.4, subdivision (c) permitted the court to consider the defendant's inability to pay when, as here, it imposed a restitution fine above the $300 statutory minimum. "[W]hen a court imposes fees and/or fines pursuant to statutes that specifically include ability to pay findings, the defendant must raise an objection at the sentencing hearing or forfeit the appellate claim that the court failed to make such a finding or there was no evidence of the defendant's ability to pay the imposed amounts." (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073 (*Aviles*); see *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1032–1033 (*Gutierrez*); *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 (*Frandsen*).)

Here, the court imposed a restitution fine of $5,000, well above the $300 minimum. "Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed." (*Frandsen, supra*, 33 Cal.App.5th at p. 1154.) We therefore conclude defendant has forfeited his challenge to the restitution fine.

We likewise conclude defendant has forfeited his objections to the other fines, fees, and assessments, with one exception discussed *post*. Indeed, because he did not object to the $5,000 restitution fine, he cannot complain about the additional, lesser fines, fees, and assessments that also were imposed. (See *Gutierrez, supra*, 35 Cal.App.5th at p. 1033.)

Moreover, even if the court erred in imposing the fines, fees, and assessments, we conclude it was harmless because defendant has the ability

5

to pay them from his prison wages as a result of his life sentence.  (See *Aviles*, *supra*, 39 Cal.App.5th at p. 1075; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140.)

In light of our decision, we decline defendant's invitation to stay the fines, fees, and assessments (other than the theft fine) based on his representation on appeal that he is indigent.  This discretionary act would have best been handled at the time of sentencing.  (See *People v. Mearns* (2002) 97 Cal.App.4th 493, 498 [applying the abuse of discretion standard of review when a defendant challenges an order to pay restitution].)  Although it could have done so without a request, the trial court did not stay their imposition, nor was it required to, despite defendant's argument otherwise.[3]

*Stay of the Theft Fine*

The parties agree that the $39 theft fine imposed by the trial court must be stayed because the underlying robbery offense was stayed pursuant to section 654, subdivision (a).  We agree.  (See *People v. Pearson* (1986) 42 Cal.3d 351, 361; *People v. Le* (2011) 136 Cal.App.4th 925, 934.)

---

[3]    In light of our decision, we deem it unnecessary to address other issues raised by the parties.

## DISPOSITION

The $39 theft fine is stayed.  The trial court is directed to prepare a corrected abstract of judgment reflecting this change, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


DATO, J.

7