Filed 2/7/24  P. v. Vicari CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DONALD ANGELO VICARI,<br><br>　　　Defendant and Appellant. | F084897<br><br>(Super. Ct. No. CRM67937)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ismah Ahmad, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**SEE CONCURRING OPINION**

## INTRODUCTION

In 2022, a jury convicted appellant Donald Angelo Vicari of two counts of felony driving under the influence (DUI) in violation of Vehicle Code section 23152, subdivision (a)[1] (count 1), and section 23152, subdivision (b) (count 2). In count 1, the court imposed an aggravated prison term of three years. The sentence in count 2 was stayed.

When this sentence was imposed, appellant was already serving a prison sentence for two separate 2022 felony DUI convictions from Amador County. The trial court in this matter resentenced appellant so that his prior convictions became consecutive subordinate terms to the aggravated sentence imposed in count 1. Appellant received an aggregate prison term of four years four months.

Appellant contends that his judgment must be reversed because he received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.[2] He also argues that the trial court erred in imposing the upper term sentence. We affirm.

## BACKGROUND

### I.  Appellant was Found Passed Out in the Driver's Seat in a Vehicle on a Public Road.

Around 3:30 p.m. on September 5, 2021, a vehicle was found stopped on a public road in a remote area of Tuolumne County. The vehicle was in the middle of the road on a curve going uphill, and it was impeding traffic. The vehicle was not moving but its engine was running. A person was seen asleep behind the wheel wearing a seatbelt. In court, eyewitnesses identified appellant as that person asleep behind the wheel. A passenger was asleep next to appellant, and the passenger was also wearing a seatbelt.

---

[1]     All future statutory references are to the Vehicle Code unless otherwise noted.

[2]     All future references to Amendments are to the United States Constitution unless otherwise noted.

2.

A witness tried to wake appellant and, while doing so, appellant's vehicle lurched forward about five feet but appellant did not wake up. That witness put the vehicle into park and turned off its engine. The witness removed the keys from the vehicle.

## II. Appellant Flees and his Blood-Alcohol Level was over the Legal Limit to Drive.

Appellant eventually woke up while sitting in the driver's seat. He appeared intoxicated when he exited the vehicle. He initially had trouble standing. He smelled of alcohol. Appellant demanded his keys back. He and his passenger indicated that they needed to take the passenger to a military base.

When told that law enforcement was being contacted, appellant said he had "a DUI" and he did not "need another DUI." He fled on foot downhill into a forest wearing sandals.

Later that same day, appellant was located down the roadway. He was taken into custody. He appeared intoxicated. He had red watery eyes. His speech was slurred. He emitted an odor of alcohol. A sample of appellant's blood was drawn that day at approximately 6:54 p.m. Law enforcement determined that the vehicle in question was registered in appellant's name.

Appellant's blood sample contained 0.175 percent alcohol (plus or minus .008 percent). Based on various hypotheticals that matched appellant's body weight, an expert opined at trial that appellant's blood-alcohol content would likely have been much higher at the time he was found passed out behind the wheel.

## III. The Parties' Stipulation and the Defense Arguments.

The parties stipulated to the jury that there was no direct evidence of driving in this matter, only circumstantial evidence.

At trial, appellant did not introduce any evidence on his behalf. During closing argument, the defense did not dispute that appellant had been drinking on the day in question. Instead, the defense asserted that appellant had not driven the vehicle.

3.

According to the defense, it was possible appellant's brother, the other person seen in the vehicle, had driven. The defense argued it was possible they had stopped to urinate and they had switched seats before falling asleep.

## DISCUSSION

### I. Appellant Does Not Establish Ineffective Assistance of Counsel.

Appellant was arraigned in this matter on May 27, 2022. At that time, the public defender's office was appointed to represent him. Appellant did not waive time. The last day for trial to commence was on or about August 8, 2022.

This trial started on August 1, 2022. Appellant's trial attorney, a deputy public defender, was assigned to this case about five days before it started.[3]

During the trial, various issues arose. We summarize the concerns which appellant raises.

#### A. *The alleged problems during opening statements.*

Appellant contends that his trial attorney made improper assertions to the jury during opening statements.

Our record does not contain the complete opening statements from the parties. However, the record shows that, on approximately five occasions during defense counsel's opening statement, the trial court sustained objections from the prosecutor and/or admonished her that she could only discuss the anticipated trial evidence. The court specifically told defense counsel at different times during her opening statement that she could not discuss hypotheticals or jury instructions. This record, however, does not show exactly what defense counsel said to the jurors during her opening statement.

---

[3] Appellant was originally represented by a different deputy public defender who had wanted a trial date in July because she would otherwise be unavailable. The original deputy public defender indicated at one point that she had already "created a relationship" with appellant before this case was reassigned.

4.

**B.** *The alleged failure to enforce an in limine ruling or to address prosecutorial misconduct.*

Appellant argues that his trial attorney failed to enforce an in limine order and, stemming from this, his counsel also failed to address alleged prosecutorial misconduct.

On the first day of trial, the court granted a defense motion in limine that prohibited the witnesses from referring to appellant as "the driver" of the vehicle found stopped in the road. The court ordered the prosecutor to instruct his witnesses regarding this limitation.

During trial, this in limine order was violated multiple times by the prosecution's witnesses, who often referred to appellant as "the driver" when describing the person whom they saw behind the wheel of the vehicle stopped in the middle of the road. At times, the prosecutor also referred to appellant as "the driver" when posing questions. In some instances, defense counsel objected, but she only did so after the order had already been violated several times. In other instances, she failed to object. At times during cross-examination, defense counsel herself referred to appellant as "the driver" when posing questions to various witnesses. At one point, she acknowledged that she had been "a little uncareful in her speech."

During this very short trial, the court admonished the jurors at least twice that they should not assume appellant drove the vehicle just because the witnesses had called him "the driver." Instead, that was an issue they had to decide based on the evidence. The judge informed a witness in front of the jury that nobody could assume appellant had driven the vehicle, which was an issue the jury was going to decide. The court cautioned that appellant should be referred to as the person in the driver's seat.

Before this trial concluded, the court admonished the prosecutor outside the jury's presence regarding the prosecutor's failure to ensure that his witnesses would comply with the in limine ruling. The prosecutor admitted that he had failed to instruct his witnesses as required. After admonishing the prosecutor, the court articulated that it did

5.

not believe the violations had prejudiced appellant. The court denied a motion for mistrial.[4]

Just before instructing the jury on the law, the court reminded the jurors that the parties had stipulated that there was no direct evidence of appellant driving. The court informed the jury that the prosecutor had failed to abide by a court order to instruct his witnesses not to refer to appellant as "the driver." The court emphasized to the jurors that somebody calling appellant "the driver" was not evidence that he drove.

## C. *The alleged failure to obtain evidence*.

Appellant asserts that his trial attorney failed to adequately investigate and prepare for trial.

On the morning of the second day of trial, and after the prosecution had already elicited testimony from various witnesses, defense counsel alerted the court that appellant wanted to preserve some issues for appeal. Although he had waived time and wanted a speedy trial, appellant felt that the defense had not had adequate time to prepare for trial. He felt that he had been unable to produce evidence on his behalf. For instance, appellant asserted that the vehicle in question actually belonged to his father, and they shared the same name. Appellant also wanted to call his brother as a witness.

Defense counsel informed the court that she had been assigned this case just six days before, and she had done her best to prepare. She stated that she had tried to get information about the blood-alcohol level of appellant's brother (the passenger in the vehicle), but it was too late to issue a subpoena. She had attempted to contact appellant's brother, but that was unsuccessful. She stated she had only met with appellant once before the trial started.

---

[4] In seeking a mistrial, defense counsel commented to the court that, although appellant felt strongly that a motion for mistrial should be made, she assumed the court was unlikely to grant it.

6.

The judge noted that the defense had never advised the court that it was not ready to proceed or that it needed more time. Defense counsel agreed that, if she had needed more time, she would have advised the court. The court stated its belief that appellant could have reached out to his brother well in advance of this trial. The court noted that this was "a very simple DUI case." The court said that appellant had made his record, but it was "not very compelling." The court commented that whether or not appellant's father was the actual buyer of the vehicle was not material in establishing if appellant had been the driver.

Appellant spoke directly to the court. He said he had not seen a single piece of evidence prior to trial. He had been given an offer from the People, which he had rejected. He did not want to waive time because he had the right to a speedy trial. Appellant told the court that he did not feel he was getting a fair trial, and he was receiving ineffective assistance of counsel. He said he first met his trial attorney "five days ago," and they only met once. He reiterated that everything he was hearing in trial from the witnesses was new to him, and he had never received any discovery.

The trial court informed appellant that, if he believed he was receiving ineffective assistance of counsel, that could form the basis of a future appeal.

**D.** *Alleged problems during cross-examinations.*

Appellant maintains that his counsel erred during cross-examination.

On numerous occasions, defense counsel unsuccessfully attempted to elicit testimony from various witnesses during cross-examination that called for hearsay. The trial court sustained multiple objections lodged by the prosecutor.

On one occasion, defense counsel improperly attempted to impeach the veracity of a law enforcement officer's report with testimony from another witness. The judge admonished her that she was not impeaching the law enforcement officer properly.

**E.** *Appellant's arguments on appeal.*

Appellant contends he was deprived of his right under the Sixth Amendment to the effective assistance of counsel. He asserts his counsel failed to investigate adequately and prepare for trial. He claims that his counsel made improper assertions during opening statements to the jury, and she was unable to question witnesses properly. He argues that his counsel failed to enforce the in limine order that precluded reference to appellant as "the driver" of the vehicle found stopped in the road. As a corollary, he maintains that his counsel failed to address adequately the prosecutor's misconduct when the prosecution's witnesses violated the in limine order. Finally, he asserts that the cumulative effect of his counsel's alleged ineffective assistance prejudiced him. He seeks reversal of his convictions.

**F.** *The law regarding a claim of ineffective assistance of counsel.*

Under the federal and state constitutions, a criminal defendant is entitled to the effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *People v. Ledesma* (1987) 43 Cal.3d 171, 215.) To prevail on a claim of ineffective assistance of counsel, a defendant must establish two criteria: (1) that counsel's performance fell below an objective standard of reasonable competence and (2) that he was thereby prejudiced. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) The defendant has the burden of showing both deficient performance and resulting prejudice. (*People v. Lucas* (1995) 12 Cal.4th 415, 436.)

Our Supreme Court makes it clear that we need not analyze whether defense counsel's performance was deficient if it is easier to dispose of an ineffective assistance of counsel claim based on a lack of prejudice. (*In re Fields* (1990) 51 Cal.3d 1063, 1079; *People v. Mendoza* (2000) 24 Cal.4th 130, 164.) In fact, the high court recommends this approach. (*In re Fields*, *supra*, 51 Cal.3d at p. 1079.) Accordingly, we decline to address whether or not trial counsel's performance fell below an objective standard of reasonable competence. Instead, we proceed directly to the issue of prejudice.

**G.** *Appellant does not establish prejudice regarding his counsel's alleged deficiencies.*

Appellant suggests that reversal of his judgment is required without analyzing prejudice. We disagree.

A claim of ineffective assistance of counsel requires the defendant to establish prejudice. (*Strickland v. Washington*, *supra*, 466 U.S. at p. 687; *People v. Lucas*, *supra*, 12 Cal.4th at p. 436.) The issue of prejudice may be disregarded only in rare circumstances. Some of those unique situations occur when (1) defense counsel was "totally absent" or unable to assist the defendant during a critical stage of the proceeding (*United States v. Cronic* (1984) 466 U.S. 648, 659, fns. 25 & 26); (2) when no lawyer could have provided effective assistance, such as when there was no time to investigate and prepare a defense (*People v. Williams* (1988) 44 Cal.3d 883, 937); and/or (3) if defense counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. (*In re Avena* (1996) 12 Cal.4th 694, 727.)

Here, nothing demonstrates or even reasonably suggests that defense counsel completely abdicated her duties. Appellant's counsel was not absent and she did challenge the prosecution's case. Consequently, we disagree with appellant that automatic reversal is required.

To establish prejudice, it is insufficient for appellant to show that his counsel's alleged errors and omissions may have had some conceivable effect on the trial's outcome. Instead, appellant must demonstrate a reasonable probability that, absent the alleged errors, the result would have been different. (*People v. Ledesma*, *supra*, 43 Cal.3d at pp. 217–218.) " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*Id.* at p. 218.)

Appellant does not meet his burden. The circumstantial evidence introduced against him overwhelmingly established that he operated the motor vehicle while impaired. He was found asleep behind the wheel. His vehicle was stopped in the middle

9.

of a public road on a curve going uphill and it was impeding traffic.  The engine was running.  Appellant was wearing his seatbelt while passed out in the driver's seat.

Bystanders had difficulty arousing appellant.  While trying to wake appellant, the vehicle lurched forward about five feet.  When appellant was finally awake, he appeared intoxicated.  When told law enforcement would arrive, appellant said he could not get another DUI and he fled on foot.  A sample of his blood was drawn over three hours after he was first found passed out behind the wheel.  He had a blood-alcohol level of 0.175 percent.

Although various witnesses referred to appellant as "the driver" when they recounted this incident, the court repeatedly admonished the jurors that they could not rely on that label.  The court repeatedly informed the jurors that no direct evidence established that appellant had driven the vehicle.  The jurors were instructed to decide whether appellant had driven the vehicle based on the circumstantial evidence.  In light of the court's repeated admonishments, there is no reasonable basis to believe the jurors may have been improperly influenced by the violation of the court's in limine ruling.  Instead, the totality of this record overwhelmingly established that appellant drove the vehicle while impaired.

Based on this record, we reject appellant's various assertions, including his claim of cumulative error.  Appellant fails to demonstrate a reasonable probability that, absent the alleged errors and/or omissions of his trial attorney, the result of this matter would have been different.  The evidence overwhelmingly established beyond a reasonable doubt that appellant drove while impaired.  Our confidence in the outcome of this matter is in no way undermined.  Appellant does not establish ineffective assistance of counsel and this claim fails.[5]

---

[5]    We note that appellant's present claim is based on alleged ineffective assistance of counsel, and he does not raise a claim of prosecutorial misconduct.  According to appellant, his trial counsel "essentially forfeited" a prosecutorial misconduct claim.

## II.    Resentencing is not Required.

Effective January 1, 2022, Penal Code section 1170, subdivision (b), was amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567).  As amended, a trial court may only impose an upper term when the facts underlying the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the applicable finder of fact.  (Pen. Code, § 1170, subd. (b)(2); *People v. Dunn* (2022) 81 Cal.App.5th 394, 402 (*Dunn*), review granted Oct. 12, 2022, S275655; *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1130, review granted May 17, 2023, S279147.)  Under Penal Code section 1170, subdivision (b)(3), the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (Pen. Code, § 1170, subd. (b)(3).)

During this trial, and outside the presence of the jury, appellant admitted that he had two prior separate felony DUI convictions (§ 23152) from Amador County.  Those separate convictions both occurred in May 2022.

Appellant was sentenced in this matter in August 2022.  Before imposing sentence, the trial court expressed concern that appellant had been found "passed out in the middle of the road on a curve."  The court noted that appellant "had recent criminal history in Amador County for similar acts."  According to the court, appellant had "not learned his lesson" and he needed help overcoming his issues with alcohol.  The court found three circumstances in aggravation: (1) appellant's criminal history was increasing in severity; (2) he was on probation when the present crime occurred; and (3) he has a long criminal history mostly related to alcohol.

The probation department in this matter recommended the imposition of the middle term of two years in prison for the conviction in count 1.  The trial court went against the recommendations from the probation department.  In count 1, the court imposed an aggravated sentence of three years.  The court stated the aggravated term was

11.

warranted based on appellant's admissions regarding his two prior felony DUI convictions.

In the present claim, appellant argues that the trial court erroneously imposed the upper term in violation of Penal Code section 1170, subdivision (b)(3), because a certified copy of his record of conviction was never produced. He also contends that his two prior convictions were impermissibly used to both aggravate the present DUI to a felony, and to impose an aggravated sentence. He seeks a remand for resentencing.

According to respondent, this claim should be deemed forfeited because appellant did not raise these issues below. Appellant counters with a claim of ineffective assistance of counsel.

We need not resolve the parties' disputed points regarding forfeiture or ineffective assistance of counsel. Instead, we conclude that any sentencing error is harmless. Moreover, appellant's aggravated sentence does not violate the rule against the dual use of facts.

### A.    *Any error is harmless.*

When imposing sentence, the trial court relied on the report from the probation department. This report was required by law prior to this felony sentencing. (See *People v. Scott* (1994) 9 Cal.4th 331, 350–351 [a probation report "is required in every felony case and generally provided to the court and parties before sentencing"].) However, a probation report does not qualify as a certified record of conviction. (*Dunn*, *supra*, 81 Cal.App.5th at p. 403.) As a result, some of the factors in aggravation upon which the trial court relied to impose the upper term were not developed in compliance with Penal Code section 1170. The error, however, is harmless.

Appellant has the following relevant criminal history, which includes the two previous convictions for DUI which he admitted as true in this matter.

1.    A 2011 misdemeanor violation of section 23152, subdivision (b) (DUI).

2.      A 2013 misdemeanor violation of section 23103.5, subdivision (b) (acceptance of plea to violation of section 23103 in place of charge for violation of section 23152).

3.      A 2020 misdemeanor violation of section 23152, subdivision (b) (DUI). Appellant was placed on probation for three years. He was on this probation when he committed the crimes charged in the present matter.

4.      A 2022 felony violation of section 23152, subdivision (b) (DUI). Appellant was sentenced to state prison for 16 months.

5.      A 2022 felony violation of section 23152, subdivision (a) (DUI). Appellant was sentenced to state prison for eight months consecutive to the sentence summarized just above.

In resolving this claim, we will not consider the information appearing in the probation report. However, only a single factor in aggravation is needed to support an upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 730.) Based on appellant's admission of his two prior felony DUI convictions, it is beyond a reasonable doubt that appellant's prior convictions are numerous or increasing in seriousness.[6] (See Cal. Rules of Court, rule 4.421(b)(2).) As such, a factor in aggravation was established. Consequently, this aggravated sentence does not violate the Sixth Amendment. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 839; *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1114.)

---

**6**      Section 23550 requires a felony conviction be imposed for a violation of section 23152 if the offense occurred within 10 years of three or more separate (misdemeanor) DUI convictions. (§ 23550, subd. (a).) As such, appellant did not incur his two prior felony DUI convictions under section 23152 without previously incurring at least three earlier misdemeanor DUI convictions. Thus, his admitted felony DUI convictions demonstrate that his convictions are numerous. (See, e.g., *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [at least three DUI convictions are considered " 'numerous' "].) A person convicted under section 23550 is designated "as a habitual traffic offender for a period of three years." (§ 23550, subd. (b).)

We reject appellant's contention that resentencing is required. The prosecutor requested the upper term in count 1. The trial court went against the recommendation from the probation department and it imposed an aggravated sentence. The trial court's comments at sentencing expressed a clear concern about appellant's current and past conduct. The court noted that appellant had admitted two prior felony DUI convictions. The court emphasized that appellant had not learned his lesson from his prior DUI's. Based on this sentencing record, there is no reasonable probability the trial court would have imposed a lower term even if it had only considered a single factor in aggravation. This record clearly indicates that, if this matter were remanded, the court would still impose the same upper term. Accordingly, any error is harmless and remand is unwarranted. (See *Dunn*, *supra*, 81 Cal.App.5th at p. 401; *People v. Lopez* (2022) 78 Cal.App.5th 459, 467.)

B.    ***Appellant's aggravated sentence does not violate the rule against the dual use of facts.***

It has long been the rule in California that a sentencing court is prohibited from using the same fact to both enhance a sentence and impose the upper term. (Pen. Code, § 1170, subd. (b)(5); *People v. Price* (1984) 151 Cal.App.3d 803, 812.)

Appellant argues that his two most recent DUI convictions from Amador County were improperly used in this matter to both elevate his conviction in count 1 to a felony DUI and to aggravate his sentence. We disagree that error occurred.

Only a single factor in aggravation is needed to support an upper term. (*People v. Osband*, *supra*, 13 Cal.4th at p. 730.) Appellant admitted having two recent prior felony DUI convictions. Only one of those prior felony DUI convictions was needed to elevate the present crime to a felony DUI. (§ 23550.5, subd. (a)(1).) The court was clearly concerned that appellant had not "learned his lesson." Consequently, because only one prior felony DUI conviction was needed to elevate the current DUI conviction to a felony, the prohibition against the dual use of facts was not violated because the other

14.

prior felony DUI conviction supports the imposition of an aggravated sentence. Therefore, resentencing is not required, and this claim fails.

## **DISPOSITION**

The judgment is affirmed.


LEVY, Acting P. J.

I CONCUR:


FRANSON, J.

MEEHAN, J., Concurring.

I concur in the disposition reached by the majority. However, I respectfully write separately because I do not join in the majority's reasoning with respect to the sentencing issue under Penal Code section 1170, subdivision (b), in part II. of the Discussion.[1] While I agree with affirming the sentence imposed by the trial court, I would resolve the sentencing issue presented by reaching the People's claim of forfeiture and defendant's related assertion of ineffective assistance of counsel (IAC).

As an initial matter, I disagree with the majority's conclusion that defendant's admission of two prior driving under the influence (DUI) convictions—one of which the majority tacitly acknowledges cannot be considered under section 1170, subdivision (b)(5), to aggravate the sentence to the upper term—establishes beyond reasonable doubt that defendant's prior convictions are numerous and increasing in seriousness under state law.[2] (Maj. opn., pp. 13, 14.) I am unaware of any published authority holding that one prior DUI conviction is sufficient to support an aggravating circumstance finding of numerous prior convictions. (*People v. Falcon* (2023) 92 Cal.App.5th 911, 953, review granted Sept. 13, 2023, S281242 (*Falcon*) ["We are unaware of any published authority holding [only] one or two prior convictions qualify as 'numerous' for purposes of California Rules of Court, rule 4.421(b)(2)."]; cf. *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior DUI convictions are

---

[1]     All further statutory references are to the Penal Code.

[2]     Aggravating-circumstance findings within the prior conviction exception do not implicate the Sixth Amendment's jury trial guarantee and, for constitutional purposes, findings related to the exception may be made from facts stated in a probation report. (*People v. Black* (2007) 41 Cal.4th 799, 818 [observing jury trial right under the U.S. Const.'s 6th Amend. does not apply to the fact of a prior conviction, and facts within the prior conviction exception may be made from a probation report].) State law, however, requires proof by certified records if aggravating circumstances based on prior convictions are not proven true beyond a reasonable doubt by the factfinder or admitted by the defendant. (§ 1170, subd. (b)(2), (3).)

"'numerous'"].) Nor am I able to conclude the fact of one prior DUI conviction supports a finding of increasing seriousness as the trial court indicated. (Cal. Rules of Court, rule 4.421(b)(2) [aggravating circumstance includes where prior convictions are of increasing seriousness].) One prior conviction of the same type as the current offense does not show an increase in seriousness and, in making this finding, the trial court emphasized circumstances related to the current offense and defendant's "long criminal history mostly related to alcohol"—facts not drawn from defendant's admission or any certified records of conviction. Beyond that, the only other aggravating-circumstance finding relied on to impose the upper term was that defendant was on probation at the time of the current offense, a fact contained in the probation report but not properly proven or supported under section 1170, subdivision (b)(2) or (3).[3] As a result, there were no aggravating circumstance findings properly proven to support an upward departure from the middle term under state law.[4] (See *People v. Black, supra*, 41 Cal.4th

---

[3] I assume *arguendo* that probation status is a fact within the scope of the prior conviction exception under section 1170, subdivision (b)(3).

[4] Relatedly, I question whether an upper term unsupported by at least one properly proven aggravating circumstance constitutes an unauthorized sentence. (See *Falcon, supra*, 92 Cal.App.5th at pp. 942–943, review granted.) Section 1170, subdivision (b)(1) and (2), mandatorily requires imposition of a term not exceeding the middle in the absence of at least one properly proven aggravating circumstance found to justify an upper term—the trial court has no discretion to impose an upper term in the absence of any proven aggravating circumstances. A record that contains insufficient evidence or findings necessary to deviate from a mandatory sentencing provision or obligation is at the heart of different types of unauthorized sentences. (See, e.g., *People v. Le* (2006) 136 Cal.App.4th 925, 931 [insufficient evidence of separate criminal intent or objective to support multiple punishments for a course of conduct requires application of § 654 and failure to do so results in an unauthorized sentence]; *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 430, 436 [noting failure to impose sentence on enhancement and prior strike found true rendered sentence unauthorized, despite that the sentence could be authorized by further determinations under § 1385, had they actually been made].) Yet, the imposition of an upper term unsupported by any properly proven aggravating circumstances has not been recognized as an unauthorized sentence as a matter of settled

2.

at pp. 818–819, fn. 7 [on appeal, the trial court's reasons for its sentencing choice are upheld if "'supported by available, appropriate, relevant evidence'"].)

Alternatively, even if I were to assume as the majority does (maj. opn*., ante*, at p. 13, fn. 6), that an express stipulation to the fact of a prior DUI felony conviction may be construed under section 1170, subdivision (b)(2), as an implicit admission to other unidentified prior DUI convictions and used as factual support for the numerosity aggravating circumstance,[5] I would not evaluate error as to the other circumstances under *People v. Dunn* (2022) 81 Cal.App.5th 394, 401 (*Dunn*), review granted October 12, 2022, S275655, or *People v. Lopez* (2022) 78 Cal.App.5th 459, 467 (*Lopez*), which the majority cites.[6] (Maj. opn*., ante*, p. 14.) Rather, I would apply the traditional *Watson* harmless error analysis our high court has long utilized to evaluate improperly considered sentencing factors. (See *People v. Price* (1991) 1 Cal.4th 324, 492; *People v. Avalos* (1984) 37 Cal.3d 216, 233.)

Notwithstanding these analytical differences on the merits, without an articulated, persuasive claim of exception, the forfeiture doctrine applies to this case. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–888, fn. 7 [the "'discretion to excuse forfeiture

---

law, and I will not endeavor to explore that issue or any related remedy where no assertion of an unauthorized sentence has been made by the parties.

[5] This assumption also raises a different type of dual-use question: if defendant's unspecified prior DUI conviction history is necessarily subsumed within (and, thus, presumptively and implicitly admitted by) the admission to the fact of a prior DUI felony conviction, then, here, it would seem the same facts presumed to *necessarily* underlie and support both admitted prior DUI felonies have been used twice—once to enhance the current offense to a felony and once (again) to aggravate the sentence to the upper term in violation of section 1170, subdivision (b)(5).

[6] Not only do I find the *Watson* test as it was adapted in *Dunn* (and the manner in which it was applied in *Lopez*) to be problematic (*Falcon, supra,* 92 Cal.App.5th at pp. 940–943, review granted), the adaptation and application of *Watson* in those cases was meant to assess the effect of an error upon retroactive application of section 1170, subdivision (b)—not, like here, to assess the effect of a sentencing error outside the retroactive context.

should be exercised rarely and only in cases presenting an important legal issue'"].) "'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons ...."'" (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

The sentencing hearing was held on August 26, 2022, nearly eight months after the relevant amendments to section 1170 took effect pursuant to Senate Bill No. 567 (2021–2022 Reg. Sess.). Therefore, this case does not involve retroactive application of the statute and there is no suggestion the trial court was otherwise unaware of the scope of its sentencing discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *People v. Salazar* (2023) 15 Cal.5th 416, 425; *People v. Flores* (2020) 9 Cal.5th 371, 431–432.) Trial counsel made no objection at the sentencing hearing that the imposition of an upper term sentence was improper. The claim defendant advances on appeal—that the trial court's aggravating-circumstance findings are insufficient to satisfy section 1170, subdivision (b)(2) and (3)—appears on the face of the statute. There is no reason trial counsel was unable to make an objection under the statute at the time of sentencing, and the claim of error was forfeited.

Turning to defendant's attendant claim of IAC, I find trial counsel's failure to object to the trial court's aggravating-circumstance findings insufficient to prove the claim. To prevail on a constitutional claim of IAC, defendant "'must satisfy a two-pronged showing: that counsel's performance was deficient, and that [he] was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5

4.

Cal.5th 697, 736, quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).)

"[A] defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on [IAC] on direct appeal only if there is affirmative evidence that counsel had "'no rational tactical purpose'" for an action or omission." (*People v. Mickel* (2016) 2 Cal.5th 181, 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.) "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment" (*Strickland, supra*, 466 U.S. at p. 690; accord, *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) "'[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish [IAC].'" (*People v. Carrasco* (2014) 59 Cal.4th 924, 985, quoting *People v. Hillhouse* (2002) 27 Cal.4th 469, 502.)

We do not know why counsel failed to object to the trial court's aggravating-circumstance findings. However, trial counsel's sentencing arguments reflect an awareness of defendant's prior criminal history, and the probation report indicated multiple prior DUI convictions beyond the two that were admitted, that defendant was on probation when the current offense occurred, and that his prior performance on probation or parole was unsatisfactory. Trial counsel did not point to any inaccuracies in the probation report's recitation of defendant's criminal history. Under these circumstances, it is possible trial counsel elected not to object to the lack of certified records to support the aggravating-circumstance findings because counsel knew those records would not contradict the probation report and would amply support each of the trial court's aggravating-circumstance findings. As such, counsel might have viewed an objection as serving only to delay the proceedings with no benefit to defendant. As this is not a case where there simply could be no satisfactory explanation for counsel's inaction, defendant's claim of IAC fails. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 127.)

Therefore, I respectfully concur with the majority's disposition in this case, but I do so on the grounds stated above with respect to part II. of the Discussion.



MEEHAN, J.